

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **Betty Mangum,**<br><br>Plaintiff;<br><br>v.<br><br>**Magnolia Hill, LLC, dba Riverwalk Casino Hotel, LLC, et al.,**<br><br>Defendants. | Civil Action No.<br>____3:19cv219-CWR-LRA____<br><br>Magnolia Hill's Notice of Removal |

## INTRODUCTION

According to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Magnolia Hill, LLC (improperly referred to as "Magnolia Hill, LLC, dba Riverwalk Casino Hotel, LLC") gives notice that it has removed Civil Action No. 2019-23 from the Circuit Court of Warren County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division.

Removal is proper because complete diversity between the parties exists, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## BACKGROUND OF CIVIL ACTION

On 2/27/19, Plaintiff Betty Mangum filed the following suit for premises liability against Defendant Magnolia Hill, LLC:

> *Betty Mangum v. Magnolia Hill, LLC, dba Riverwalk Casino Hotel, LLC and Fictitious Defendants "A," "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to*

*Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained,*
Civil Action No. 2019-23
Circuit Court of Warren County, Mississippi.

The Complaint alleged that on 7/8/18, Mangum fell and was injured while at Riverwalk Casino in Vicksburg, Mississippi.[1] Mangum effected service of process on 3/5/19.

### COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

Mangum's Complaint alleges she was a resident citizen of Warren County, Mississippi.[2]

Defendant Magnolia Hill, LLC, is a foreign, limited-liability company organized under the laws of Delaware. The sole member of Defendant Magnolia Hill, LLC, is HCRH, LLC.

HCRH, LLC, is a foreign, limited-liability company organized under the laws of Delaware. The sole member of HCRH, LLC, is Churchill Downs Incorporated.

Churchill Downs Incorporated is a foreign corporation organized under the laws of Kentucky with a principal place of business in that state.

For purposes of diversity jurisdiction, Defendant Magnolia Hill, LLC, is a citizen of Kentucky.

---

[1] Compl. ¶ 7 Ex. 1, Feb. 27, 2019.
[2] *Id.* at ¶ 2.

Under 28 U.S.C. § 1441(b), the citizenship of Defendants "Fictitious Defendants 'A,' 'B,' and 'C,'" is disregarded for purposes of establishing diversity jurisdiction.

According to 28 U.S.C. § 1332, complete diversity of citizenship exists between Mangum and Defendant Magnolia Hill, LLC.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75K

Mangum's Complaint requested an unspecified amount of alleged damages, including compensatory damages, court costs, and attorney fees.[3] Mangum alleges personal injuries, pain, suffering, and other damages as a result of the alleged incident.[4] The allegations demonstrate the amount in controversy exceeds the jurisdictional minimum. "[I]t is undisputed that Mississippi juries routinely award damages for pain and suffering . . . mental or emotional damages in excess of $75,000."[5]

In addition, Mangum's Complaint seeks an unspecified amount of punitive damages and attorney's fees. Mississippi federal courts have traditionally held a claim for an unspecified amount of punitive damages like Mangum's exceeds the amount necessary for federal jurisdiction.[6] And if Mangum were entitled to

---

[3] *Id.*

[4] *Id.* at ¶ 5.

[5] *Colony Ins. Co. v. Ropers of Hattiesburg, LLC*, No. 2:11cv3KS-MTP, 2011 U.S. Dist. LEXIS 34026, at *9 (S.D. Miss. Mar. 29, 2011) (quoting *Holmes v. Citifinancial Mort. Co.*, 436 F. Supp. 2d 829, 832 (N.D. Miss. 2006)).

[6] *E.g., Conseco Fin. Servicing Corp. v. Kolb*, No. 1:01CV476-D-A, 2002 U.S. Dist. LEXIS 25210, at *18 (N.D. Miss Apr. 15, 2002) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998)). *But cf. Evans v. Red Shield Admin., Inc.*, No. 3:18-cv-464-CWR-FKB, 2018 U.S. Dist. LEXIS 139520 (S.D. Miss. Aug. 17, 2018) (citation omitted) (recognizing second line of cases looking at factual allegations to

punitive damages, she could potentially recover the attorney's fees requested in her Complaint which should also be considered in the amount-in-controversy determination.[7]

On 1/4/19, prior to commencing this action, Mangum sent a settlement demand in the amount of $95K.[8] According to the settlement demand, Mangum incurred medical bills from the following: St. Dominic Professional Services, Lakeland Radiologists, St. Dominic Hospital, Capital Ortho, and Results Physical Therapy.[9] The allegations in Mangum's Complaint, her requests for punitive damages and attorney's fees, and the settlement demand in the amount of $95K demonstrate that the amount in controversy exceeds $75K, exclusive of interest and costs.[10]

Therefore, the Court has original jurisdiction according to 28 U.S.C. § 1332, and the action may be removed under 28 U.S.C. 1441.

---

determine whether combination of compensatory and punitive damages could support recovery above $75K). The amount in controversy exceeds $75K here under both lines of cases.

[7] *Lee v. Safeco Ins. Co.*, No. 3:12-cv-496-WHB-LRA, 2012 U.S. Dist. LEXIS 193427, at *7 (S.D. Miss. Oct. 5, 2012) (citing *Wince v. Wal-Mart Stores, Inc.* 373 F. Supp. 2d 670, 673 (S.D. Miss. 2005)).

[8] Ltr. from J. Hawkins to R. Rutherford Ex. 2, Jan. 4, 2019.

[9] *Id.*

[10] A post-complaint settlement demand is "other paper" that can support removal. *Self. v. Hayes*, No. 1:16CV535-TSL-RHW, 2016 U.S. Dist. LEXIS 190857, at *8-9 (S.D. Miss. 2016) (citing *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000) (holding that "a post-complaint demand letter is 'other paper' under § 1446(b)")). As the *Self* court noted, a settlement demand like Mangum's that exceeds the jurisdictional minimum "should [make it] clear . . . that the amount in controversy exceeded $75,000." *Id.* at *8. *Accord, e.g., Grayson v. Moncla Well Serv.*, 844 F. Supp. 2d 789, 792 (S.D. Miss. 2011) ("That the damage amount exceeded $75,000 became patently clear only after Plaintiffs' . . . submitted a settlement demand.").

## TIMELINESS OF REMOVAL

Mangum served a copy of the Complaint and Summons on 3/5/19. Thirty days have not elapsed since Mangum effected service of process, and removal is timely under 28 U.S.C. § 1446(b)(1).

## VENUE

According to 28 U.S.C. § 104(b)(1), venue properly rests in this Court because the case is being removed from the Circuit Court of Warren County, Mississippi, where Mangum originally filed it.

## COPY OF STATE COURT PROCEEDINGS

Under 28 U.S.C. § 1446(a) and L.U.Civ.R. 5(b), a true and correct copy of the certified record of proceedings from the Circuit Court of Warren County, Mississippi, will be timely filed.

## NOTICE TO PLAINTIFF

Consistent with 28 U.S.C. § 1446(d) and the Certificate of Service, Defendant Magnolia Hill is providing Mangum with a copy of this Notice of Removal.

## NOTICE TO STATE COURT

Defendant Magnolia Hill will file a true and correct copy of this Notice of Removal with the Circuit Court of Warren County, Mississippi, and effect removal to this Court according to 28 U.S.C. § 1446(d).

## CONCLUSION

Defendant Magnolia Hill respectfully requests that this Court will receive and place on its docket this Notice of Removal and that the Circuit Court of Warren County, Mississippi, will proceed no further in this action.

Respectfully submitted,

**Defendant Magnolia Hill, LLC**

Dated: April 2, 2019.

Dale G. Russell (MSB #10837)
Blake D. Smith (MSB #103255)
Ian R. Underwood (MSB #105328)
COPELAND, COOK, TAYLOR & BUSH, P.A.
600 Concourse, Suite 100
1076 Highland Colony Parkway (39157)
Post Office Box 6020
Ridgeland, Mississippi 39158
T+601.856.7200
F+601.856.7626
drussell@cctb.com
bsmith@cctb.com
iunderwood@cctb.com
*Attorneys for Defendant*

CERTIFICATE OF SERVICE

I, Ian R. Underwood, certify that on April 2, 2019, I served a true and correct copy of the previous document by U.S. mail to the following:

Jeremy V. Hawkins
SLOCUMB LAW FIRM, LLC
232 Market Street, Suite 256
Flowood, MS 39232
T+769.717.4055
F+888.853.2247
*Attorney for Plaintiff*

_____
Ian R. Underwood